18020

The STATE, Respondent, v. Robert PLATT, Appellant

(129 S. E. (2d) 429)

*H. T. Abbot, Esq.,* of Conway, *for Appellant.*

*Richard G. Dusenbury, Esq., Solicitor,* of Florence, *for Respondent.*

Feburary 4, 1963.

BRAILSFORD, Justice.

Robert Platt shot and killed Derrill Darby with a .32 caliber pistol. He was convicted of manslaughter and has appealed on two exceptions, which we quote:

"The Trial Judge erred, it is respectfully submitted, in refusing motion for a directed verdict, the error being from all the testimony that the defendant acted in self defense.

"His Honor erred, it is respectfully submitted, in failing to charge that the defendant was not required to retreat in charging the law as to self defense."

The homicide occurred at midnight during a poker game which had been in progress for many hours. A participant testified that "most of the winning money had gone," but Darby, who had joined the game late, "had a pretty good little pile." While Darby was sitting at the table "straightening up his money," Platt jumped up and grabbed some of it. He then started backing away from the table with a pistol in his hand. Darby "whirled around like this and come out with a gun and by that time there was a shot." This witness testified that the first gun he saw was in Platt's hand. Another participant testified that before taking the money Platt accused Darby of cheating. After hearing a "scramble," he looked around and saw Platt "backing up from him." Darby "turned in his chair" and the witness saw both guns at the same time.

Clearly the testimony is reasonably susceptible of the inference that Platt was the aggressor. The trial judge properly submitted the issue of self-defense to the jury.

There was no error in the charge. In instructing the jury the trial judge omitted any reference to a duty to retreat. This was probably more favorable to the de-

fendant than he was entitled to because the record does not disclose by what right he was in the apartment where the shooting occurred. Furthermore, counsel for the defendant expressed his satisfaction with the charge at its conclusion.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.